UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WIREMOLD CO., | : | |
|     Plaintiff, | : | |
| | : | No. 3:16-CV-2133 (VLB) |
|     v. | : | |
| | : | |
| THOMAS & BETTS CORP., | : | July 12, 2019 |
|     Defendant. | : | |

### ORDER ON MOTION FOR RECONSIDERATION [DKT. 109]

Before the Court is Plaintiff Wiremold's July 8, 2019 Motion for Reconsideration, [Dkt. 109], of the Court's denial of Wiremold's Motion to Amend filed June 28, 2019. [Dkt. 108]. For the reasons that follow, Wiremold's Motion for Reconsideration is DENIED.

A motion for reconsideration must be filed within 7 days of the ruling sought to be reconsidered. D. Conn. L. Civil R. 7(c)(1). A motion for reconsideration must "be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked." *Id*. "Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." *Id.*

The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

A motion for reconsideration will only be granted on one of the following three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). Moreover, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

The Court's expressed reason for denying Wiremold's Motion to Amend was the possibility that granting that motion to assert an indirect infringement claim could require the joinder of new parties and open a discovery pandora's box leading to an excessive number of new depositions, numerous motions for extension of time to complete discovery, and ultimately delay in trying this case. Wiremold's conclusory assurance that grant of its motion would not cause "significant" delay acknowledged that additional discovery would be required, while providing the court with no basis to discern how much.

In its Motion for Reconsideration, Wiremold claims the court improvidently denied its Motion to Amend because it failed to consider its unsupported and conclusory assertion that amendment would not "significantly" delay the progress of the case. In its Motion for Reconsideration Plaintiffs makes a very different statement. There it states, "the proposed amended complaint will not *in any way* impact the discovery cut-off date or delay trial." [Dkt. 109 at 4] (emphasis added). Wiremold does not assert it later discovered facts which enabled it to make the later affirmative statement. Its later affirmative statement undermines its original

admission that some unspecified and unquantified additional discovery would be required.

On July 10, 2019 the Court conducted a previously scheduled discovery status conference with the parties, and during that conference Wiremold's counsel confirmed that the proposed amendment would not result in Wiremold seeking to expand discovery. It specifically represented that amendment would likely expand slightly the scope of deposition topics but would not require any additional depositions or require joinder of any additional parties; and that because its expert opinion addressed the claim(s) sought to be added, T&B and its expert had ample notice and opportunity to respond. T&B countered that granting the proposed amendment would certainly make significant additional discovery necessary and would result in delay and undue prejudice to T&B.

T&B opposed leave to amend arguing Wiremold failed to diligently pursue the claim. [Dkt. 94]. It claims that Wiremold knew T&B's invention was sold without receptacles and therefore it had reason to know it could have asserted an indirect infringement claim. Wiremold responds that it learned from discovery facts which led it to understand it had an indirect infringement claim and timely moved to amend its complaint.

The Court finds the motion for reconsideration was filed timely. It further finds there is no asserted intervening change in the law or newly available facts warranting reconsideration of its denial of leave to amend. The court did not err and instead made a decision reasonably drawn from the facts presented by Wiremold. Given that Wiremold had a fair opportunity to present its request for

leave and failed to meet its burden of persuasion, it would be manifestly unjust to T&B to allow it to relitigate the matter with the benefit of the court's reasoning. In addition, it would undermine the principles of finality and judicial efficiency to permit parties to litigate an issue repeatedly, especially where, as occurred here, the party can change their argument to eliminate the reasoning for the original decision.

The court expressly reaches no conclusion as to whether Wiremold had sufficient knowledge of facts to form the reasonable basis to believe it had a claim for indirect infringement prior to receiving discovery from T&B. Accordingly, it expresses no conclusion that the doctrine of claim preclusion or res judicata would preclude Wiremold from commencing a separate action asserting indirect infringement.

                                      IT IS SO ORDERED.

                                      _____/s/_____
                                      Hon. Vanessa L. Bryant
                                      United States District Judge

Dated at Hartford, Connecticut: July 12, 2019.